IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS E. SANDERS,

                Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,          OPINION and ORDER
UNITED STATES DEPARTMENT OF JUSTICE,
JOSEPH E. BENDER, JR., PRISCILLA JONES,          23-cv-589-jdp
and BOBAK TALEBIAN,

                Defendants.

---

Pro se plaintiff and prisoner Thomas E. Sanders filed this lawsuit to compel the Federal Bureau of Investigation (FBI), the United States Department of Justice (DOJ), and three federal employees to produce documents under the Freedom of Information Act (FOIA) and the Privacy Act. The case is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Sanders must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Sanders filed an amended complaint while his original complaint was awaiting court review. So I will consider the amended complaint and disregard the original complaint.

Sanders's amended complaint has several problems. First, Sanders named three federal employees as defendants. But FOIA and the Privacy Act apply only to agencies; individuals cannot be sued. *See* 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552a(g)(1).

Second, Sanders is suing DOJ, but he doesn't allege that he submitted an information request to that agency. So DOJ is not a proper defendant.

Third, Sanders doesn't identify the information he was seeking from the FBI. He says only that he "sent a FOIA/PA information sheet enclosed to the FBI." Dkt. 12-2, ¶ 12. Sanders included his FOIA request number, but he did not provide a copy of the request. Without more information, it is impossible to tell whether Sanders has a plausible claim under either FOIA or the Privacy Act.

Sanders's complaint doesn't state a claim, but it is possible that he could fix some of the problems I have identified. So I will give Sanders a deadline for filing a second amended complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Thomas E. Sanders's complaint is DISMISSED without prejudice.

2. Sanders may have until February 13, 2024, to file an amended complaint that fixes the problems identified in the opinion.

3. If Sanders does not respond by February 13, I will dismiss the case with prejudice and assess a "strike" under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 704–06 (7th Cir. 2011).

Entered January 22, 2024.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          JAMES D. PETERSON
                                          District Judge